Dureee, Judge,
delivered the opinion of the court:
On January 20,1960, the court held that a purported discharge given to plaintiff by the United States Air Force was invalid and did not effect plaintiff’s separation from the service. Fannie Mae Clackum v. United States, 148 Ct. Cl. 404. We directed that her amount of recovery for lost military pay be determined pursuant to Bule 38(c). The parties have entered into a stipulation covering, the amounts plaintiff should receive, based upon varying lengths *36 of service. We must now determine the proper period of time for which plaintiff is to be compensated; what payments are to be included therein; and whether defendant is entitled to a set-off for plaintiff’s civilian earnings.
Plaintiff enlisted in the United States Air Force Reserve on March 18, 1950, for a period of three years. On February 1,1951, she began a 21-months’ tour of active duty. She was invalidly discharged on January 22, 1952. Her active duty would have ended on October 31, 1952; her three-year enlistment would have ended on March 17, 1953. Following our decision on January 20,1960, the Air Force issued plaintiff an honorable discharge, dated March 10, 1961.
Plaintiff contends that she is entitled to recover the pay and allowances she would have earned to March 10, 1961, the date on which her only valid discharge was issued. We have twice before considered situations similar to plaintiff’s, and it is our conclusion that a serviceman, illegally discharged, is entitled to recover pay and allowances only to the date on which his term of enlistment would otherwise have expired, — in plaintiff’s case, March 17, 1953. Smith v. United States, 155 Ct. Cl. 682, and Murray v. United States, 154 Ct. Cl. 185. In both of these cases, the servicemen’s enlistment period and active-duty period ended on the same date. Plaintiff’s 21 months of active duty would have terminated almost five months before her enlistment period expired. As plaintiff would have remained subject to the military for the remaining five months, however, under the terms of her three-year enlistment contract, we hold that she is entitled to recover active-duty pay to March 17, 1953.
Plaintiff is entitled to recover her pay, allowance for clothing, quarters, rations, mustering-out pay, travel, and amounts attributable to leave. According to the stipulation this amounts to $3,198.15 for the period January 23, 1952, — the day following her illegal discharge, — to March 17,1953. To be set off against this amount is $1,373.67, — the stipulated gross income plaintiff received from her civilian employment. John J. Egan v. United States, 141 Ct. Cl., 1.
Plaintiff should receive the difference between $3,198.15 and $1,373.67, which is $1,824.48. Accordingly, it is adjudged and ordered that plaintiff is entitled to recover of and from *37 tlie United States the sum of one thousand eight hundred twenty-four dollars and forty-eight cents ($1,824.48).
Davis, Judge, did not participate in the consideration and decision of this case.