Dukfee, Judge,
delivered the opinion of the court:
This is a companion case to Fannie Mae Clackum v. United States, decided this day, ante, p. 34. Plaintiff in this proceeding was illegally discharged from the Air Force the same day as Miss Clackum, under the same set of circumstances, and was likewise issued a discharge on March 10,1961 after our decision in Fannie Mae Clackum v. United States, 148 Ct. Cl. 404. We are concerned here, again, with the amount of recovery for lost military pay.
Plaintiff’s position differs in one material respect from that of Miss Clackum. Grace Gamer enlisted in the Begular *75 United States Air Force on December 20, 1049, pursuant to 61 Stat. 191 (1947), for an indefinite period of time. Consequently, there is no termination date for her active-duty or enlistment contract that would otherwise have been operative but for the illegal discharge of J anuary 22,1952. Under these circumstances, plaintiff Garner is entitled to recover military pay and allowances for the period J anuary 23,1962 to March 10,1961.
Plaintiff and defendant filed a stipulation of facts with the court on March 23,1962, wherein it is agreed that “pursuant to paragraph 2 of the Air Force Regulation 39-14, plaintiff was honorably discharged effective March 10,1961.” Plaintiff has since requested the court by motion that this stipulation be modified to state only, “That plaintiff was issued an honorable discharge effective March 10, 1961.” Plaintiff’s reason for seeking this change, evidently, is to allow her to contest the legal efficacy of her March 10, 1961 discharge, and, after successfully discrediting it, to recover further military pay and allowances to the date of judgment in this proceeding. A grant or denial of plaintiff’s motion is not a ruling on the legal effect of the 1961 discharge. Plaintiff has offered no convincing authority or evidence that the discharge is invalid. Consequently, we are not disposed to award plaintiff any pay and allowance beyond the date of her 1961 discharge, which in the absence of sufficient proof to the contrary, we assume is valid and effective in all respects. We deny plaintiff’s motion to alter the stipulation as there does not appear to be any compelling reason to change the agreement of the parties.
The total pay, allowances, and medical expenses agreed upon by the parties for the period January 23, 1952 to March 10,1961, is $37,237.12. Plaintiff’s gross income from her civilian employment during this period was $30,143.21.
Plaintiff should receive the difference between $37,237.12 and $30,143.21, which is $7,093.91. Accordingly, it is adjudged and ordered that plaintiff is entitled to recover of and from the United States the sum of seven thousand ninety-three dollars and ninety-one cents ($7,093.91).