Pee Cueiam :
 

 This case was referred to Trial Commissioner Marion T. Bennett under Rule 4-7 (c) for a determination in further proceedings of the amount of recovery due plaintiff on entry of an order of the court on July 16, 1965, granting plaintiff’s motion for summary judgment and denying defendant’s cross-motion, 172 Ct. Cl. 192, 348 F. 2d 523. On March 10,1966, the commissioner filed a report consisting of findings of fact and a recommended conclusion of law. On March 30, 1966, the parties filed a stipulation of settlement wherein it was stipulated that the court should enter judgment in this case in favor of plaintiff and against defendant in the sum of $21,960.98, which is the same recovery as set forth by the commissioner hi his recommended conclusion of law. Since the court agrees with the trial commissioner’s findings, opinion and recommended conclusion of law, as hereinafter set forth, it hereby adopts the same as the basis for its judgment in this case without oral argument. Judgment is therefore entered for plaintiff in the sum of $21,960.98 in accordance with this opinion and as stipulated by the parties.
 

 
 *864
 
 OPINION OF COMMISSIONER
 
 *
 

 Bennett,
 
 Chief Commissioner:
 
 Plaintiff, a captain in the United States Army, was removed from the service on September 8, 1958, effective July 11, 1958, by operation of law. The removal was based upon his plea of guilty, after waiver of his right to counsel, to alleged violation of a federal bribery statute, 18 U.S.C. § 202 (1958 ed.), which provides for automatic forfeiture of government employment upon conviction. In July 1958 he was sentenced by a civilian court to 8 years’ probation and fined $500, but the information, guilty plea and sentence relating to him were all vacated in March 1961 at a trial of the civilians associated with him in the same alleged offense. Motto’s application to the Army Board for Correction of Military Records eventually resulted in the determination by the Secretary of the Army on August 17, 1963, that the termination from the service on July 11, 1958, was null and void and of no force or effect, but that he was actually honorably relieved from active duty on September 8, 1958. On July 16,1965, this court granted plaintiff’s motion for summary judgment, denied defendant’s cross-motion, and held that plaintiff was entitled to back, active-duty pay from July 11, 1958, until the legal termination of his service on August 17, 1963, plus readjustment pay. The amount of recovery was reserved under Rule 47 (c) for determination in further proceedings.
 

 Thereafter, in its response to a motion for call by the plaintiff, the General Accounting Office computed the amount of back pay and readjustment pay as $56,973.19 and added the following statement in its reply:
 

 This Office has no information as to the plaintiff’s earnings other than that he earned approximately $29,-000 during the period covered by the judgment which would be subject to setoff under the holdings of the court in
 
 Egan
 
 v.
 
 United
 
 States, 141 Ct. Cl. 1 (1958);
 
 Clackum
 
 v.
 
 United
 
 States, 161 Ct. Cl. 34 (1963) and
 
 Garner
 
 v.
 
 United
 
 States, 161 Ct. Cl. 73 (1963).
 

 
 *865
 
 Defendant accepted the report subject to the deduction of plaintiff’s civilian earnings. Plaintiff accepted the computed amount of pay due, but objected to the deduction of any civilian earnings from tbat amount. At a pretrial conference held on November 5, 1965, counsel for both parties agreed that plaintiff’s civilian earnings during the period of his illegal separation amounted to $35,012.21, but plaintiff’s counsel specifically reserved the right to object to any subtraction of them from the computed military pay due for this same period.
 

 The first objection by plaintiff to any deduction of civilian earnings is a procedural one. He characterizes this deduction as a defense to the claim which must be asserted by defendant in accordance with Rule 19(a) of this court or it is waived by operation of this court’s Rule 20 (h) ,
 
 [1]
 
 Since setoff allegedly was not pleaded within the time specified therein, plaintiff contends that the deduction of civilian earnings cannot now be raised.
 

 It might be helpful at this point to explain precisely what is being litigated here. Although parties, and occasionally courts, sometimes refer to the deduction of civilian earnings in wrongful discharge pay cases as a setoff, traditionally this kind of deduction has been characterized as more analogous to mitigation of damages used as an offset against contracted-for salary.
 
 Hollwedel
 
 v.
 
 Duffy-Mott Co.,
 
 263 N.Y. 95, 188 N.E. 266 (1933); see generally Annos. 28 A.L.R. 747-49 (1924), 141 A.L.R. 662 (1942); 15 Am. Jim.
 
 Damages
 
 §§190-202 (1942); 22 Am. Jim. 2d
 
 Doomages
 
 §71 (1965). The primary meaning of setoff pertains to situations where both plaintiff and defendant have independent causes of actions maintainable against each other in separate actions which can be mutually deducted whenever either one brings a suit against the other
 
 (Scammon
 
 v. Kimball, 92 U.S. 362, 367 (1875);
 
 The Flying Tiger Line, Inc.
 
 v.
 
 United States,
 
 145 Ct. Cl. 1, 170 F. Supp. 422 (1959)), whereas mitigation of damages has been defined as:
 

 A reduction of the amount of damages, not by proof of facts which are a bar to a part of the plaintiff’s cause
 
 *866
 
 of action, or a justification,
 
 nor yet of facts which constitute a cause of action in favor of the
 
 defendant, but rather facts which, show that the plaintiff’s conceded cause of action does not entitle him to so large an amount as the showing on his side would otherwise justify the jury in allowing him. 1 Suth. Dam. 226. [Emphasis added.] Black, Law DictioNary (4th ed. 1951).
 

 However, in pay cases, because of the unusual jurisdiction accorded this court, the term setoff has acquired a secondary meaning in the Court of Claims, one which is more analogous to the term mitigation of damages than the traditional set-off. In this context it has been defined as “just credit and off-set” deducted from a salary wrongfully withheld from a public officer.
 
 Borak
 
 v.
 
 United
 
 States, 110 Ct. Cl. 236, 248, 78 F. Supp. 123, 125,
 
 cert. denied,
 
 335 U.S. 821,
 
 rehearing
 
 denied, 335 U.S. 864 (1948);
 
 Kaufman
 
 v.
 
 United States,
 
 118 Ct. Cl. 91, 93 F. Supp. 1019 (1950). Because the salary of a “public officer” has usually been considered an incident of his office rather than salary which is recovered as damages in breach of the ordinary employment contract, the term also does not specifically refer to mitigation of damages in this traditional sense.
 
 United States for the use of Crawford
 
 v.
 
 Addison,
 
 6 Wall (73 U.S.) 291 (1867) ;
 
 Fitzsimmons
 
 v.
 
 City of Brooklyn,
 
 102 N.Y. 536, 7 N.E. 787 (1886) ; see generally 43 Am. Jxjr.
 
 Public Officers
 
 §§ 379-87 (1942). Therefore, it can be seen that what plaintiff in the instant case is resisting and what defendant desires is not in the nature of a right existing independent of the present action but, in this area, is nearer to an equitable condition imposed by the sovereign through this court on parties who seek to invoke its jurisdiction.
 
 Kaufman, supra
 
 at 105; see
 
 Borak, supra; Egan
 
 v.
 
 United States,
 
 141 Ct. Cl. 1, 158 F. Supp. 377 (1958);
 
 Clackum
 
 v.
 
 United States,
 
 161 Ct. Cl. 34 (1963);
 
 Garner
 
 v.
 
 United States,
 
 161 Ct. Cl. 73 (1963). With this in mind, the various contentions of the parties can be scrutinized.
 

 Plaintiff cites many cases dealing with setoff as an actionable claim possessed by defendant independent of the suit in question which is either pleaded by answer, reply or motion, or is waived. The short answer to these cases is self-evident and arises because of the uniqueness of the so-called setoff in issue. Since the deduction of civilian earn
 
 *867
 
 ings is not a right to setoff in the traditional sense, as a separate cause of action possessed by defendant against the plaintiff, nor a statutory mandate in military pay cases, defendant is not bound to plead it in its answer in this court. In
 
 Chicago Great Western Ry.
 
 v. Peeler, 140 F. 2d 865 (8th Cir. 1944), cited by plaintiff, defendant was given a right by statute to recover by setoff any amounts it had paid to an employee for an injury before the employee brought a suit against it for that injury. The setoff in that case was barred because it was not timely asserted. However, Eule 64 (d) of the Court of Claims provides for summary judgment on the issue of liability alone, as in this case, although there is a genuine issue as to the amount of damages. In such event, damages are reserved for further proceedings under Eule 47(c). The specific amount of damages is not in issue until that time, so it is not necessary to suggest any equitable offsets of this type until then. Until that juncture, a general denial of liability on damages suffices. It is significant that Eule 19 (c) of this court states:
 

 (c)
 
 Efect of Failure To Deny:
 
 Averments in a pleading to which a responsive pleading is required,
 
 other than those as to the amount of
 
 damages, shall be deemed admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided. [Emphasis added.]
 

 It is apparent that issues of damages at this posture of the case are not held to the same strict procedural requirements as are issues of liability. This has also been true under some state codes.
 
 McClelland
 
 v.
 
 Climax Hosiery
 
 Mills, 252 N.Y. 347, 169 N.E. 605 (1930); see generally 22 Am. Jur. 2d
 
 Damages
 
 § 291 (1965) ; McCormick, The Law oe Damages § 12 (1935); see also
 
 Malyn
 
 v.
 
 New York Life Ins. Co.,
 
 2 F.R.D. 274 (W.D. Pa. 1942);
 
 Vevelstad
 
 v. Flynn, 230 F. 2d 695, 703 (9th Cir. 1956).
 

 The main thrust of plaintiff’s contentions is to deny defendant the right to the civilian-earnings deduction as a matter of law. It is based on the aforementioned “public officer” exception to the usual mitigation-of-damages requirement in breach-of-employment contracts. This contention
 
 *868
 
 is not novel for it bas been raised previously in pay cases. In the civilian sector, the same contention was presented to this court on illegal discharge periods occurring prior to adoption of the 1948 amendment to the Lloyd-LaFollette Act, 62 Stat. 854 (1948), 5 U.S.C. § 652.
 
 Borak
 
 and
 
 Kaufman, supra.
 
 Among other things, this amendment provided a statutory basis for deduction of outside civilian earnings from those lost via illegal dismissal.
 

 It must be noted that a civil office is not the same as a military office and the two terms are used in contradiction. See generally 42 Am. Jur.
 
 Public Officers
 
 §22 (1942). Plaintiff has not cited any cases which state that a military officer’s position rises to the dignity of a “public officer” which would bring plaintiff within the rule that a public officer’s salary, of which he will be illegally deprived, need not be mitigated. This rule may well be the underlying rationale for Borah,
 
 supra.
 
 See generally 15 Am. Jur. 2d
 
 Civil Service
 
 § 51 (1964); 48 Am. Jur.
 
 Public Officers
 
 § 382 (1942); compare Kerig,
 
 Compatibility of Military and Other Public
 
 Employment, 27-100-1 Mil. L. Rev. 21, 25
 
 &
 
 n. 18 (June 1958). But even assuming, arguendo, that some court might fit military officers within this definition of public officer, the principle of
 
 stare decisis
 
 precludes that being done here.
 

 In Borah, supra, this court rejected the proposition that every public officer is entitled to recovery of his full salary even though he recovers it as an incident inuring to the holder of the office and not as damages for breach of an employment contract. In that case, plaintiff had been appointed a Naturalization Examiner for the Immigration and Naturalization Service, but was later summarily dismissed. He subsequently obtained employment as a lawyer in private practice and had earnings within the period adjudicated in the claim. This court, after deciding plaintiff was an officer, nevertheless set off his private earnings and stated :
 

 _ However, it does not necessarily follow that the plaintiff is entitled to recover the full amount of his salary without off-set. The very Act which confers jurisdiction upon this Court to hear and determine a claim of this nature also includes the consideration of “set-offs.” Borak,
 
 supra
 
 at 247.
 

 
 *869
 
 The same result was obtained in Kaufman,
 
 supra.
 

 [2]
 

 The rationale of these cases has been consistently applied in the military pay area as well, although the issue has not often been presented to the court. In Egan, supra, plaintiff, a Marine Corps officer, was wrongfully discharged. During the period within the claim, he had received civilian earnings which this court deducted from the total military pay which had accrued since the wrongful discharge and awarded judgment for the difference. In
 
 Clackum
 
 and Garner, supra, plaintiffs recovered military pay lost through illegal separation from the service. In each case the stipulated amount of civilian earnings during the period of illegal separation was deducted from accrued military pay to determine the amount of judgment, the court following
 
 Egan
 
 in so doing. In the instant case, plaintiff has cited no decisions where a contemplated deduction of civilian earnings was in issue but was not effected by the court. Plaintiff seeks to make a point out of the fact that in
 
 Clackum
 
 and Garner,
 
 supra,
 
 the amounts of civilian earnings were stipulated. But, plaintiffs therein reserved the right to brief and argue to the court whether civilian earnings should not be set off. The briefs of the parties discussed cases now relied upon by plaintiff. The court made offsets in those cases after considering briefs and argument of counsel on this very subject which has been raised again here.
 

 Plaintiff was illegally deprived of $56,973.19 in military pay. His civilian earnings amounted to $35,012.21 during the period of his illegal separation. The latter sum must be set off against the lost military pay, mitigating the recovery in accordance with precedent. Plaintiff is entitled to judgment in the net amount of $21,960.98.
 

 FINDINGS OP PACT
 

 1. Plaintiff, a military officer, was awarded judgment on liability by the granting of his motion on cross-motions for summary judgment which established his entitlement to active duty and readjustment pay for the period July 11,
 
 *870
 
 1958, to August 17,1963. The court referred the case to this commissioner under Buie 47 (c) to determine the amount of recovery. 172 Ct. Cl. 192, 348 F. 2d 523 (1965).
 

 2. In response to plaintiff’s motion for call on the General Accounting Office, it certified the net amount of pay and allowances for this period to be $56,973.19. Both parties agree to the correctness of this amount.
 

 3. In the same response, the General Accounting Office also included the following paragraph:
 

 This Office has no information as to the plaintiff’s earnings other than that he earned approximately $29,-000 during the period covered by the judgment which would be subject to setoff under the holdings of the court in
 
 Egan
 
 v.
 
 United States,
 
 141 Ct. Cl. 1 (1958);
 
 Clackum
 
 v.
 
 United
 
 States, 161 Ct. Cl. 34 (1963) and
 
 Garner
 
 v.
 
 United
 
 States, 161 Ct. Cl. 73 (1963).
 

 Defendant agreed with this contention but plaintiff has consistently refused to accept it and has filed a memorandum in support of its objection to this paragraph.
 

 4. At a pretrial conference held November 5,1965, counsel stipulated plaintiff’s civilian earnings as follows :
 

 1958_
 

 1959_$4,771.44
 

 1960_ 6,404. 33
 

 1961_ 8,425. 00
 

 1962_10,211.44
 

 29, 812.21
 

 1963prorated_ 5, 200. 00
 

 35,012.21
 

 At that time plaintiff specifically reserved his right (a) to deny that any civilian earnings should be deducted from the General Accounting Office’s certified amount and (b) to insist, if the commissioner or court determined that civilian earnings would be deducted, that all the stipulated earnings should not be deducted. Plaintiff subsequently waived the contention contained in (b) by letter dated November 9, 1965, a procedure agreed to at pretrial. In response to plaintiff’s aforementioned memorandum, defendant has submitted one in support of the deduction.
 

 
 *871
 
 CONCLUSION 03? LAW
 

 Upon tbe foregoing findings of fact and opinion, wbicb are adopted by by tbe court and made a part of tbe judgment herein, tbe court concludes as a matter of law that plaintiff is entitled to recover of and from tbe United States tbe sum of twenty-one thousand nine hundred sixty dollars and ninety-eight cents ($21,960.98), and judgment is entered for plaintiff in that amount.
 

 *
 

 The opinion, findings of fact and recommended conclusion of law are submitted under tbe order of reference and Rule 47(c).
 

 [1]
 

 Rules 15 and 16 of the Court of Claims (1957 ed.), In effect -when this petition was filed on February 20, 1964, were incorporated in the present Rules (1964 ed.) as Rules 19 and 20. Compare Fed. R. Cry. P. 8(a)-(d) and 12(h).
 

 [2]
 

 The jurisdiction of tbe Court of Claims in setoffs is to be found in 62 Stat. 977, 67 Stat. 227, 68 Stat. 1243, 28 U.S.C. § 2508 (1964 ed.) ; 62 Stat. 942, 28 U.S.C. § 1603 (1964 ed.).