Donald S. **HOLLOWAY**

v.

The **UNITED STATES.**

No. 411–65.

United States Court of Claims.

Dec. 15, 1967.

Thomas H. King, Washington, D. C., attorney of record, for plaintiff. Neil B. Kabatchnick, Washington, D. C., of counsel.

Charles M. Munnecke, Washington, D. C., with whom was Asst. Atty. Gen. Edwin L. Weisl, Jr., for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON, and NICHOLS, Judges.

## OPINION

PER CURIAM:

This case was referred to Trial Commissioner Richard Arens with directions to make findings of fact and recommendation for conclusions of law. The commissioner has done so in an opinion and report filed on March 22, 1967. Exceptions to the commissioner's report and opinion were filed by defendant, and the case has been submitted to the court on oral argument of counsel and the briefs of the parties. Since the court is in agreement with the opinion, findings and recommendation of the commissioner, with one slight modification, it hereby adopts the same as modified as the basis for its judgment in this case, as hereinafter set forth. Plaintiff is, therefore, entitled to recover and judgment is entered for plaintiff with the amount of recovery to be determined pursuant to Rule 47(c).

## OPINION OF COMMISSIONER*

ARENS, Commissioner:

This case involves the action of the Air Force Board for the Correction of Military Records, pursuant to which plaintiff's military records were corrected to show that he served on active duty for an additional day. The controversy concerns the results which should follow from the correction.

The facts, which are detailed in the findings, as derived from a stipulation and accompanying exhibits, may be summarized as follows:

On May 18, 1943, plaintiff was inducted into the United States Army and, after having been given a physical examination, was on the same date, released from active duty and transferred to the Enlisted Reserve Corps.

On June 2, 1943, he was recalled to active duty and, after successfully completing Aviation Cadet training, was commissioned a Second Lieutenant on December 23, 1944. He then served continuously on active duty until May 31, 1961, when he was involuntarily released in the grade of Captain, having twice failed of selection for promotion to the grade of temporary Major. In the mean-

* The opinion, findings of fact, and recommended conclusion of law are submitted under the order of reference and Rule 57(a).

time, on September 9, 1958, plaintiff had been promoted to the grade of permanent Major under the provisions of the Reserve Officer Personnel Act.

At the time of plaintiff's release from active duty on May 31, 1961, it had been administratively determined that he was not entitled to count the date of his induction, May 18, 1943, as a day of active service, that he was therefore one day short of completing 18 years active military service and that he therefore could not qualify under those provisions of Air Force Regulation 36–12 which relate to the retention of officers, twice passed over for promotion, who have 18 or more years of active service.

Prior to his release from active duty, plaintiff had initiated action challenging the validity of the foregoing administrative determination, and subsequent to his release he filed a claim for active duty pay for May 18, 1943. This claim was allowed and paid to him on April 9, 1962. Thereafter, plaintiff requested that further consideration be given to his contention that May 18, 1943, should be credited to his records as a day of active service, but in September 1962 the prior administrative determination, adverse to plaintiff's contention, was reaffirmed.

On October 29, 1962, plaintiff enlisted in the United States Air Force for a term of 4 years and served on active duty in an enlisted status as an Airman First Class until November 30, 1964.

In May 1964, plaintiff filed an application with the Air Force Board for the Correction of Military Records, in which he requested: "That my records be corrected to show that I served in an active duty and pay status on and prior to May 18, 1943 and that I have been in an active commissioned status from May 31, 1961." He further stated in his application: "I was not given credit for the time on active duty from induction date in 1943 to the date I was released from active duty to await Cadet training. This would have given me over 18 years service and I would have been retained on active duty."

On November 30, 1964, plaintiff was relieved from active duty in the Air Force, at which time he had served on active duty in USAF for 2 years, 1 month and 1 day; and on December 1, 1964, he was retired in the grade of Major, with a total of 20 years, 1 month and 1 day of active service for retirement and 21 years, 6 months and 13 days of service for basic pay purposes.

On March 23, 1965, the Air Force Board for the Correction of Military Records found that plaintiff was, for all intents and purposes, on active duty on the date of his initial induction, to-wit: May 18, 1943, and that it was error to fail to credit him with that day of active duty; that on May 31, 1961, the date plaintiff was released from active duty, he had completed 18 years active service and was entitled to be retained in the service, under the authority of AFR 36–12, until he could qualify for retirement upon completion of 20 years active service; and that his records should be corrected to show that he was not released from active duty on May 31, 1961 (the date on which he had been involuntarily released in the grade of Captain), but instead was continued on active duty in the grade of Captain until May 31, 1963, on which date he was released from active duty and was retired in the grade of Major, effective June 1, 1963. The Board further found that the 2 years and 1 month service which plaintiff performed as an Airman First Class would be regarded as *de facto* service, and that he would not be given credit therefor. In April 1965, the findings and recommendations of the Board were approved by the Assistant Secretary of the Air Force and implemented by an order of the Air Force. Thereafter, plaintiff was tendered the monies due under the corrective action, but he declined to accept them.

In a request to the Board for reconsideration which was denied, plaintiff contended, and in this court he contends that his records should have been corrected to show that he continued to serve on active duty in the grade of Captain

from May 31, 1961 (the date on which he was involuntarily released from active duty in the grade of Captain) until November 30, 1964, the date on which he was relieved from duty as an Airman First Class in the Air Force), and that he was retired in the grade of Major on December 1, 1964. At the very least, plaintiff contends, he should have been allowed additional credit for his enlisted status from June 1, 1963 to November 30, 1964, with a corresponding time addition in computing his retirement.

In this court plaintiff seeks the monetary benefits which would result from the corrective action to which he claims entitlement. The parties have stipulated that there was at all pertinent times no statutory prohibition or any departmental regulation, precluding a Reserve officer such as plaintiff from remaining on active duty during the time interval between May 31, 1963 to November 30, 1964; but that in no event is plaintiff entitled to recover active duty pay allowances beyond November 30, 1964.

The principal question presented is simply what terminal date should the Board have used for plaintiff's status as a Captain. The Board chose May 31, 1963, because that was the date on which plaintiff, if he had not been erroneously discharged, would have completed 20 years active service and would have qualified for retirement. The fact is, however, that plaintiff, as a Reserve officer was not precluded from remaining on active duty from May 31, 1963 until November 30, 1964, during which time he was actually serving on active duty and subject to the Uniform Code of Military Justice,[1] even though only in the status of an Airman First Class. The fiction which the Board adopted of regarding this latter service as "de facto" service for which plaintiff would not be given credit, is not only without foundation in fact, but no authority has been cited to sustain it by way of legal presumption. At this juncture, defendant argues that the Board awarded plaintiff all that he sought, namely, the opportunity to complete 20 years of service. It is clear that defendant gives too narrow an interpretation to plaintiff's application to the Board, and that only by a strained construction could it be said that he limited the relief which he sought to a maximum of 20 years of service. Plaintiff's application to the Board (pertinent parts of which are quoted in finding 9) did not contain a terminal adjustment date. At the time of the filing of his application on May 23, 1964, plaintiff was actually serving in the Air Force and the chief issue with which he was concerned was simply whether the date of initial induction, May 18, 1943, should be counted as a day of active service. The remaining issues hinged on a resolution of this chief issue and on the then undetermined date of his actual relief from active service. When, following plaintiff's relief from active service in the Air Force, the Board findings and recommendations were issued and implemented, plaintiff in his request for reconsideration asserted the same entitlement which he asserts in this court.

The crucial facts in the instant case are similar to those in Motto v. United States, 348 F.2d 523, 172 Ct.Cl. 192 (1965), in which the plaintiff, therein, an officer of the United States Army, was notified by Army authorities on September 8, 1958, that he had ceased to be an officer as of July 11, 1958, at which time he had been sentenced under a plea of guilty in a United States District Court to a charge of violation of a Federal bribery statute. In March 1961, the District Court ordered the withdrawal of his plea of guilty and vacated the sentence. In August 1961, he filed an application for correction of military records and a claim for back pay with the Army Board for Correction of Military Records. This application sought his reinstatement, or in the alternative, a change of his original dismissal into an honorable discharge as of the date of the change. The request for back pay and allowances covered the period from the date of dismissal from the service to

1. 10 U.S.C. ch. 47 (1964 edition).

the date of decision by the Board. On August 17, 1963, he received a notice of final disposition of his case from the Under Secretary of the Army in which the original dismissal was declared to be null and void, and in which it was directed that his records were to be corrected to show that he remained in the active military service until September 8, 1958, at which time he was honorably relieved from active duty and transferred to the Army Reserve. In considering the plaintiff's claim for active duty pay and allowances, this court ruled that when the Under Secretary of the Army rendered plaintiff's original dismissal null and void, he could not arbitrarily choose a date (September 8, 1958) as a date of the plaintiff's relief from active duty, and that in doing so, the Under Secretary clearly abused his discretion and acted contrary to law. The court then ruled that the plaintiff could not have been legally discharged, at least until the date of the decision of the Under Secretary, and that he was, therefore, entitled to back pay from the date of his illegal discharge on July 11, 1958, until his service was legally terminated on August 17, 1963.

Defendant attempts to distinguish the instant case from *Motto* on the ground that it cannot be said that the selection of May 31, 1963, as plaintiff's retirement date was an arbitrary action because it was the date on which plaintiff qualified for retirement pay, with 20 years active service. This ignores, however, the fact that plaintiff was on May 31, 1963, actually serving in the Air Force and continued to serve therein until November 30, 1964, which was the date on which his service was legally terminated.

It is concluded that the action of the Air Force Board for the Correction of Military Records, as implemented, was arbitrary and that plaintiff's records should have been corrected to show his release from active duty in the grade of Captain on November 30, 1964, and his retirement in the grade of Major on December 1, 1964.

Subject to determination under Rule 47(c), and taking account of appropriate offsets, plaintiff is entitled to:

(1) active duty pay and allowances as a Captain, USAF, from May 31, 1961 to November 30, 1964, less such pay and allowances paid to him by defendant from October 29, 1962 to November 30, 1964; and

(2) retirement pay of a Major computed on 21 years, 6 months and 13 days of service less such retirement pay paid to him by defendant.

COLLINS, Judge, took no part in the decision of this case.