**Harold R. CONN**

v.

**The UNITED STATES.**

No. 157–63.

United States Court of Claims.

March 14, 1969.

Fred W. Shields, Alexandria, Va., attorney of record, for plaintiff.

Arthur E. Fay, Washington, D.C., with whom was Asst. Atty. Gen. William D. Ruckelshaus, for defendant.

Before COWEN, Chief Judge and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

## OPINION

PER CURIAM:

This case was referred to Trial Commissioner Louis Spector pursuant to the provisions of Rule 47(c) (2) for determination of the amount of recovery to which plaintiff is entitled under the decision of the court entered on May 12, 1967, 180 Ct.Cl. 120, 376 F.2d 878. The commissioner filed a report, including his findings of fact, opinion and recommended conclusion of law on September 25, 1968. Plaintiff filed exceptions to the commissioner's opinion, findings of fact and recommended conclusion of law. Defendant took no exceptions and urged

the court to adopt the commissioner's opinion and recommended conclusion of law. The case has been submitted to the court on oral argument of counsel and the briefs of the parties. Since the court is in agreement with the opinion, findings and recommended conclusion of law of the trial commissioner, with a minor addition, it hereby adopts the same, as modified, as the basis for its judgment in this case as hereinafter set forth. Therefore, it is concluded that plaintiff has sustained no compensable damages and his petition is dimisssed.

## OPINION OF COMMISSIONER

SPECTOR, Commissioner:

Plaintiff, a former United States Marine, sued to recover active duty pay and allowances, alleging the illegality of (1) an administrative reduction-in-grade, and (2) an undesirable discharge effective November 2, 1961. In its decision dated May 12, 1967, this court granted plaintiff's motion for summary judgment, denied defendant's cross-motion and counterclaim, and held plaintiff was entitled to recover (1) the difference between the pay and allowances of a Sergeant (E–4) and a Lance Corporal (E–3) for the period from October 4, 1961 to November 2, 1961; and (2) the active duty pay and allowances of a Sergeant (E–4) from November 2, 1961 to August 14, 1966, the date on which his term of enlistment would normally have expired. The exact amount of recovery was reserved for further proceedings under Rule 47(c) (2), "including a determination of the amount of plaintiff's civilian earnings since his illegal discharge."

The United States General Accounting Office has furnished a report and supplemental report demonstrating that the total amount of pay and allowances due plaintiff in accordance with the judgment is $19,683.84. However, a stipulation by the parties recites that during the period covered by plaintiff's claim, he earned $24,353.99 from civilian employment.

It is well established that civilian earnings must be "set off" in mitigation of the amount otherwise due plaintiff. See Motto v. United States, 175 Ct.Cl. 862, 360 F.2d 643 (1966) ; Middleton v. United States, 175 Ct.Cl. 786 (1966) ; Shaw v. United States, 174 Ct.Cl. 899, 357 F.2d 949 (1966).

Here, since the civilian earnings exceed the amount of entitlement, the latter is, in effect, obliterated.

Plaintiff would avoid this result by citing medical expenses (which would have otherwise been provided by the military) incurred during the period of claim, in the amount of $1,246.80. He also cites college tuition payments during the same period in the amount of $1,001.00, which he asserts would have been paid by the United States had he received a discharge under honorable conditions.

Aside from the fact that the tuition payments constitute veterans' benefits, not related to the pay and allowances awarded by this court and the further fact that they are not apparently barred by an undesirable discharge, these payments ($1,001.00) together with the medical expenses ($1,246.80), when added to the pay and allowances found due by the General Accounting Office ($19,683.84), do not equal or exceed plaintiff's civilian earnings for the same period ($24,353.99).

As a result, plaintiff further urges that this is a case in which civilian earnings should not be used in mitigation at all because it is a well known fact that enlisted personnel on active duty very often engage in the practice of "moonlighting" (off-duty civilian employment) to supplement their income. Even if it is assumed, however, that this plaintiff (who was not "moonlighting" at the time of discharge) would have been so engaged at some time thereafter had he remained on active duty, there is no precedent which suggests that the well established rule of "setoff," or mitigation above noted, is vitiated thereby.

The court does not have before it, and does not pass upon, the case of a serviceman who was actually "moonlighting" at the time of his discharge (or shortly before). [This last sentence is inserted as the language of the court.]

It follows that plaintiff's entitlement is exceeded by his civilian earnings, and that he is not entitled to judgment. The petition should accordingly be dismissed.