Per Curiam:
This case was referred to Trial Commissioner Mastín G. White with directions to make findings of fact and recommendation for conclusions of law under the order of reference and Rule 134(h). The commissioner has done so in an opinion and report filed on January 26, 1971. Exceptions to the commissioner’s opinion, findings and recommended conclusion of law were filed by plaintiff and the case has been submitted to the court on the briefs of the parties and oral argument of counsel.
Since the court agrees with the commissioner’s opinion, findings of fact and recommended conclusion of law, as hereinafter set forth, it hereby adopts the same as the basis *519 for its judgment in this case. Therefore, plaintiff is not entitled to recover and the petition is dismissed.
OPINION OP COMMISSIONER
White, Commissioner:
This is a military pay case in which the plaintiff, who was a career soldier from 1935 until 1948, is suing “for all his pay, allowances, compensation, emoluments, and other pecuniary benefits which he would have received” if he had continued in an active duty status from 1948 until May 3,1967, at least.
It is my opinion that the plaintiff is not entitled to recover.
The plaintiff enlisted in the Army on May 1, 1935. He continued in the military service, under successive reenlist-ments, until 1948, when he was discharged under circumstances that will be related subsequently in this opinion. The plaintiff’s final reenlistment was on September 26,1945, and was for a 3-year term.
Ás the plaintiff was serving in the Army Air Forces at the time in 1947 when that organization was converted into a separate service designated as the United States Air Force, the plaintiff thereupon became a member of the Air Force, and he served in the Air Force until he was discharged from the military service in 1948.
From the time of his original enlistment in 1935 until September of 1946, the plaintiff made an excellent record in the military service, attaining the grade of master sergeant. During World War II, he served with the Army Air Forces in the Pacific Theater of Operations; he participated in a number of combat missions; and he was awarded the Distinguished Flying Cross.
In September of 1946, while the plaintiff was serving as a master sergeant at Williams Air Force Base in Arizona, he began drinking intoxicating liquor to excess. He became an alcoholic, and this drinking problem continued until he was released from the military service in 1948.
After September of 1946, the plaintiff’s record in the military service was poor, being characterized by frequent intoxication and absences. He was hospitalized for alcoholism in the base hospital at Williams Air Force Base during the periods March 14-18, 1947, September 11-13, 1947, Octo *520 ber 22-27,1947, and June 10-16,1948. On November 5,1947, the plaintiff was reduced from the grade of master sergeant to the grade of private because of absences and intoxication.
A board of officers was convened at Williams Air Force Base on September 14,1948, to determine whether the plaintiff should be discharged from the service under the provisions of AK. 615-368 prior to the expiration of the plaintiff’s then-current term of enlistment. (Such term of enlistment, adjusted for time lost by the plaintiff due to absences, was scheduled to expire automatically in about a month.) The plaintiff appeared before the board, with his counsel, but he did not testify. The board heard the testimony of four witnesses, and also had before it the service record and allied papers relating to the plaintiff, plus a number of additional documentary exhibits.
After the hearing, the board of officers initially voted 3-to-2 to recommend that the plaintiff not be discharged from the service prior to the expiration of his then-current enlistment term. However, after the initial vote was taken, and as a result of command influence being exerted on the board by the commanding officer of the base hospital at Williams Air Force Base, the board changed its vote; the board officially found that the plaintiff “possesses habits which render his retention in the service undesirable”; and the board recommended that the plaintiff “be discharged from the service prior to the expiration of his term of service for habits which render retention in the service undesirable,” and “that WD AGO Form 53-58, General Discharge, be furnished.”
Pursuant to the recommendation of the board of officers, the plaintiff was given a general discharge from the Air Force effective September 23,1948. (The 3-year term of the plaintiff’s final enlistment, adjusted for time lost by the plaintiff due to absences, would have extended for an additional period of 23 days beyond September 23,1948, in the absence of the discharge.)
On July 30,1966, the plaintiff sought relief from the Air Force Board for the Correction of Military Records, on the ground that he had been discharged unjustly and illegally because the board of officers in 1948 had yielded to command influence in recommending that he be given a general dis *521 charge prior to the end of his then-current term of enlistment. The plaintiff supported his application by submitting a brief prepared by counsel, a written statement from the person who had served as the plaintiff’s counsel before the board of officers in 1948, and written statements from two persons who had served as members of the 1948 board.
After considering the material which the plaintiff had submitted, the Air Force Board for the Correction of Military Becords announced its decision on February 7, 1967. The Correction Board found that the plaintiff “has suffered an injustice,” and that “a gross miscarriage of justice has taken place,” because of the exertion of undue influence upon the board of officers by higher authority in 1948. The Correction Board recommended that the plaintiff’s military records “be corrected to show that he was discharged under honorable conditions on 23 September 1948 * * * and furnished an Honorable Discharge Certificate.”
On the basis of the Correction Board’s recommendation (as subsequently modified with respect to the effective date of the plaintiff’s discharge), the plaintiff’s military records were corrected on May 3, 1967, to show that he continued in the active military service until October 16, 1948, and that he was given an honorable discharge on such date. (The 3-year term of the plaintiff’s final enlistment was extended for 21 days beyond its normal expiration date of September 25, 1948, because of time lost by the plaintiff due to absences.)
As determined by the Air Force Board for the Correction of Military Becords, the plaintiff was done an injustice by the Air Force in 1948. The injustice consisted of the improper injection of command influence into the administrative process, and it resulted in the plaintiff being given a general discharge from the military service on September 23, 1948, or 23 days before the term of his then-current enlistment (as adjusted for time lost by the plaintiff due to absences) was scheduled to expire. In the absence of the improper command influence, the plaintiff would have been permitted to serve for the remainder of the enlistment term; he would have received pay and allowances for the additional 23 days; and *522 he would have been given an honorable discharge at the end of the enlistment term.
The Air Force has attempted to make amends for its unfair treatment of the plaintiff by replacing the plaintiff’s general discharge with an honorable discharge, by changing the official records to show that the plaintiff’s military status continued until the end of his final enlistment term on October 16, 1948, and by compensating the plaintiff for the 23-day period between the date of his improper release and October 16, 1948.
The plaintiff contends, however, that when the Air Force, in replacing his improper general discharge with a proper honorable discharge, purported to make the honorable discharge retroactive to October 16,1948, such action was legally ineffective. From this premise, the plaintiff argues that he was not effectively discharged from the military service until May 3, 1967, when final action was taken on the correction of his military records; and, accordingly, that he is entitled to receive his pay and allowances as a member of the military service until May 3,1967, at least.
The plaintiff’s contention is not supported by the existing judicial precedents. In a situation where an enlisted person has been illegally discharged from the military service during the term of an enlistment, this court has uniformly limited recovery to the period between the date of the illegal discharge and the date when the term of the enlistment would ordinarily have expired in the absence of the wrongful discharge (e.g., Murray v. United States, 154 Ct. Cl. 185, 191 (1961); Smith v. United States, 155 Ct. Cl. 682, 691 (1961) ; Clackum v. United States, 161 Ct. Cl. 34, 36 (1963); Sofranoff v. United States, 165 Ct. Cl. 470, 479 (1964)).
In connection with the point mentioned in the preceding paragraph, the case of Garner v. United States, 161 Ct. Cl. 73 (1963), should be noted. The claimant in that case was serving in the Air Force under an indefinite enlistment that had no expiration date. She was illegally discharged from the service on January 22, 1952. Subsequently, the claimant was given another discharge effective March 10, 1961. It appearing that the second discharge was valid, this court held that the claimant was entitled to compensation for the period *523 beginning January 23, 1952, and ending March. 10, 1961. As the claimant’s enlistment had no fixed term, it was the issuance of a valid discharge which terminated the enlistment and ended the period for which she was entitled to recover compensation.
In the present case, the plaintiff was serving under an enlistment which had a fixed term, and such term (as adjusted for time lost by the plaintiff due to absences) would have expired on October 16, 1948, in the absence of the Air Force’s improper action in discharging the plaintiff with a general discharge on September 23, 1948. This court lacks the power to extend the term of the plaintiff’s enlistment beyond the date in 1948 when it was scheduled to expire. Furthermore, the court lacks the power retroactively to reenlist the plaintiff in the Air Force for any succeeding term.
In this connection, the plaintiff asks the court to speculate that if he had been permitted to continue on active duty until October 16, 1948, and had then been given an honorable discharge upon the expiration of that particular enlistment, he would have continued in the military service under successive reenlistments until retirement. While the evidence in the record indicates that the plaintiff would probably have attempted to reenlist in October 1948, the evidence certainly does not warrant a finding that the Air Force would necessarily, or even probably, have regarded the plaintiff as an acceptable reenlistee in October 1948. It has previously been mentioned in this opinion that the plaintiff’s military record during the 2-year period before October 1948 was poor, having been characterized by intoxication, hospitalization for alcoholism, absences, and being reduced to the grade of private from that of a noncommissioned officer. In view of this, the plaintiff’s present contention that he would have been accepted by the Air Force for reenlistment in October 1948 if he had not been given a general discharge on September 23, 1948, cannot be accepted as an established fact.
Under the existing judicial precedents, the plaintiff is not entitled to recover the pay and allowances of a person in the military service for the period after October 16, 1948. Accordingly, the petition should be dismissed.
*524 FihdiNGS of Fact
1. Harvey Davis (“the plaintiff”) was born on July 7, 1905.
2. (a) The plaintiff enlisted in the Army on May 1, 1935. He continued in the military service under successive reen-listments until 1948, when he was discharged under circumstances to be related in subsequent findings.
(b) The plaintiff served overseas in the Pacific Theater of Operations during World War II. He was assigned at the time to the Army Air Forces; he participated in a number of combat missions; and he was awarded the Distinguished Flying Cross.
(c) The plaintiff’s final reenlistment in the military service was on September 26,1945, and was for a term of 3 years. At that time, he was serving with the Army Air Forces in the grade of master sergeant.
(d) The plaintiff’s military occupational specialty was in the area of aircraft maintenance. The character of his active military service was uniformly excellent, up until about September of 1946.
(e) With the transformation of the Army Air Forces into a separate military service designated as the United States Air Force, the plaintiff became a member of the Air Force.
3. (a) In September of 1946', while the plaintiff was stationed at Williams Air Force Base, Arizona, the plaintiff started drinking intoxicating liquors to excess. He became an alcoholic, and this drinking problem continued to the date of his release from the military service in 1948.
(b) During the plaintiff’s active military service, the alcoholism that began in 1946 was the only problem that adversely affected the quality of his service.
4. (a) The plaintiff was hospitalized for alcoholism in the base hospital at Williams Air Force Base during the period March 14-18, 1947.
(b) The plaintiff was hospitalized for alcoholism again in the base hospital at Williams Air Force Base during the period September 11-13, 1947.
5. (a) On September 10, 1947, the plaintiff’s commanding officer initiated action to reduce the plaintiff in grade because of absences and intoxication.
*525 (b) Pursuant to the action referred to in paragraph (a) of this finding, a promotion and reduction board was convened under the authority of AR 61-5.
(c) On the basis of the board’s recommendation, the plaintiff was reduced from the grade of master sergeant to the grade of private for cause on November 5, 1947.
6. The plaintiff was hospitalized for alcoholism a third time in the base hospital at Williams Air Force Base during the period October 22-27,1947.
7. The plaintiff was promoted to corporal on April 28,1948.
8. The plaintiff was hospitalized for alcoholism a fourth time in the base hospital at Williams Air Force Base during the period of June 10-16,1948.
9. The plaintiff was reduced from the grade of corporal to the grade of private on July 8,1948, because of alcoholism.
10. (a) The plaintiff asked to be sent to a general hospital for treatment of his condition of alcoholism. His request was denied.
(b) In connection with the plaintiff’s desire to be sent to a general hospital, the commanding officer of the base hospital at Williams Air Force Base made the following statements in a communication dated August 12,1948, and addressed to the commanding officer of the plaintiff’s unit:
2. It is obvious that the Airman is a confirmed chronic alcoholic and his rehabilitation is considered impossible. In addition to the above hospital admissions, the Airman has been seen on several other occasions and given treatment as an outpatient for the effects of alcoholism.
3. When not under the influence of alcohol the Airman apparently performs his duties in a satisfactory manner, but upon the slightest .provocation or when he is placed under any stress he immediately resorts to the excessive use of alcohol as an escape mechanism. His treatment in a general hospital is not indicated and immediate action to dispose of this Airman, as recommended above, should be instituted.
11. (a) A board of officers convened at Williams Air Force Base on September 14,1948, to determine whether the plaintiff should be discharged from the service under the provisions of AR 615-368.
(b) The plaintiff appeared before the 'board of officers, with his counsel, but he did not testify.
*526 (c) Four witnesses testified before the board of officers, under oath. In addition, the board of officers had before it the service record and allied papers relating to the plaintiff, and a number of additional documentary exhibits.
(d) After the hearing, the board of officers initially voted 3-to-2 to recommend that the plaintiff not be discharged from the service prior to the end of his then-current period of enlistment.
(e) After the initial vote of the board of officers was taken, and as a result of command influence being exerted on the board of officers by the commanding officer of the base hospital at Williams Air Force Base, the board of officers changed its vote and on September 14, 1948, made the following finding and recommendation:
That Private Harvey Davis * * * possesses habits which render his retention in the service undesirable, and attempts to rehabilitate the airman have failed.
* * * $ $ * *
That Private Harvey Davis * * * be discharged from the service prior to the expiration of his term of sendee for habits which render retention in the service undesirable. It is further recommended that WD AGO Form 53-58, General Discharge, be furnished.
12. (a) Pursuant to the recommendation of the board of officers, the plaintiff was given a general discharge effective September 23,1948.
(b) As of September 23,1948, the plaintiff had completed 12 years and 11 months of active military service.
13. The Air Force Discharge Review Board met on June 14, 1949, to consider the plaintiff’s discharge. The Review Board reviewed the record, and considered supplementary statements submitted by or on behalf of the plaintiff. The Review Board found that the action of the board of officers was amply supported by the evidence, and that there was no additional evidence to warrant reversal.
14. Immediately after being discharged from the military service, the plaintiff sought 'and received professional help for his alcoholism at the Samaritan Sanitarium in Houston, Texas. This professional treatment was successful in enabling the plaintiff to overcome his alcoholism from November 1948 until 1950.
*527 15. After having overcome bis alcoholism in the latter part of 1948, the plaintiff endeavored to reenlist in the Air Force. However, in view of the nature of his 1948 discharge from the military service, reenlistment was possible only on the basis of a waiver from the Secretary of the Air Force. The plaintiff applied for such a waiver, and he sought and obtained the support of a Senator and a Congressman from Texas on his behalf, but the Secretary of the Air Force declined to grant the requested waiver.
16. The plaintiff sought the assistance of the Veterans Administration in an attempt to have the nature of his discharge from the military service changed from general to honorable. This attempt was not successful.
17. After the failure of the plaintiff’s initial attempts to reenlist in the Air Force and to have the nature of his discharge from the military service changed, the plaintiff again succumbed to the excessive use of alcohol in 1950.
18. The character of the plaintiff’s discharge had a definitely detrimental effect on the plaintiff, manifesting itself in a feeling of disgrace and a feeling of insecurity in positions of employment. Thus, it had an adverse effect on his ability to perform gainful employment.
19. During the period between 1950 and 1961, the plaintiff alternated between periods of alcoholism and periods of remission from this difficulty. In 1961, the plaintiff succeeded in overcoming his alcoholism on a more permanent basis, and he has not had a drinking problem since 1961.
20. The plaintiff has been regularly and gainfully employed since 1961.
21. (a) On June 3, 1965, the plaintiff applied to the Air Force Board for the Correction of Military Records, requesting that his 1948 general discharge from the military service be changed to an honorable discharge.
(b) This application was denied on August 20, 1965.
22. (a) Under the date of July 30, 1966, the plaintiff again sought relief from the Air Force Board for the Correction of Military Records. In the “Request” block of the application form, the plaintiff made the following statement:
According to information, and affidavits supporting same, received after the Board Proceedings, which re- *528 suited in my discharge, I have information that the vote to retain me in the Service, by a majority of the Board was changed due to Command influence, and as a result thereof, I was discharged unjustly and illegally.
(b) The plaintiff supported his application of July 30, 1966, by submitting a brief prepared by his counsel, a written statement made by the officer who had served as his counsel before the board of officers in 1948, and two written statements made by persons who had served as members of the board of officers.
(c) The Air Force Board for the Correction of Military Records initially met on January 27,1967, and considered the material which the plaintiff had submitted. The decision of the Correction Board was announced on February 7,1967.
(d) The Correction Board made findings as follows:
* * * [Ajpplicant has suffered an injustice. According to the supporting statements submitted by applicant’s defense counsel * * * and two members of the Board of Officers which heard applicant’s case in September, 1948, * * * the original vote of that particular Board was to retain applicant on active duty. Because of undue influence which apparently was exerted upon one of the Board members by higher authority, the vote was changed, which resulted in applicant’s discharge from the service as an undesirable. The Correction Board accepts these supporting affidavits, and considers a gross miscarriage of justice has taken place. It is also noted that the basic reason for the discharge action was that applicant was unable to perform his duty because of excessive use of alcohol. When applicant was discharge [sic] in 1948, alcoholism was classified by the military authority as a personality disorder, and not as a disease as it is today. Members of the Armed Forces who are discharged today for chronic alcoholism are separated from the service under honorable conditions. * * * In the interest of justice and equity, the Board recommends that the General Discharge be removed and his records be changed to show he was discharged for the convenience of the Government and furnished an Honorable Discharge Certificate on 23 September 1948.
(e) The Correction Board made the following recommendation :
1. The pertinent military records of the Department of the Air Force relating to HARVEY DAVIS, AF *529 6256428, be corrected to show that he was discharged under honorable conditions on 28 September 1948 under the provisions of AE 615-360 for the convenience of the Government and furnished an Honorable Discharge Certificate.
23. (a) Under the date of February 17,1967, the plaintiff’s counsel addressed a letter to the Air Force Board for the Correction of Military Eecords, asking that “recognition [be] given that Harvey Davis has been legally on active status in the United States Air Force all of this time and at least up until the date, at the present time, when Harvey Davis is legally discharged from the Air Force”; that “all pay, allowances, compensation, emoluments, and other pecuniary benefits to which he is entitled by reason of not having been discharged legally” be computed and paid to him; and that his “rights to retirement pay, subsequent to the effective date of any legal discharge which he might receive from the United States Air Force,” be recognized.
(b ) After considering the request set out in paragraph (a) of this finding, the Correction Board rendered its decision on April 24, 1967, and made the following findings:
5. The Board finds no legal basis for correcting the record to show applicant has been on active duty to the present time, and that he be paid all payments due him by reason of the fact that his active duty status has never ceased under law. Moreover, the Board finds no equitable basis for agreeing with applicant’s contention that he should be retained on active military service past the term of his enlistment. * * *
6. * * * It is the conclusion of the Board that an error and injustice has been demonstrated. Applicant’s records should be corrected to show he was permitted to serve to the expiration of his term of enlistment and furnished an Honorable Discharge Certificate.
(c) The Correction Board made the following recommendation in its decision of April 24, 1987:
1. The pertinent records of the Department of the Air Force relating to Harvey Davis, AF 6256428, be corrected to show that he was not discharged on 23 September 1948, but that he continued in active military service and was discharged on 18 December 1948 under the provisions of paragraph 2a, AE 615-360, and furnished an Honorable Discharge Certificate.
*530 24. (a) On April 25, 1967, the Under Secretary of the Air Force issued the following directive:
1. The pertinent records of the Department of the Air Force relating to Harvey Davis, AF 6256428, be corrected to show that he was not discharged on 23 September 1948, but that he continued in active military service and was discharged on 18 December 1948 under the provisions of paragraph 2a, AN 615-360, and furnished an Honorable Discharge Certificate.
(b) The plaintiff was advised of the Under Secretary’s action on April 26, 1967.
25. By means of an action dated May 3, 1967, the Under Secretary of the Air Force voided the directive of April 25, 1967 (see finding 24(a)), and substituted for it the following directive:
2. The pertinent records of the Department of the Air Force, relating to HARVEY DAVIS, AF 6256428, be corrected to show that he was not discharged on 23 September 1948, but that he continued in active military service and was discharged on 16 October 1948 under the provisions of paragraph 2a, AR 615-360, and furnished an Honorable Discharge Certificate.
26. On May 5,1967, the following communication was sent to the plaintiff by the Executive Secretary of the Air Force Board for the Correction of Military Records:
The Directive signed by the Under Secretary of the Air Force on 25 April 1967 has been corrected to show your discharge date as 16 October 1948.
Your military records show you enlisted for a period of three (3) years on 26 September 1945. During this enlistment you had a total of 21 days lost time. Therefore, your enlistment would normally have terminated on 16 October 1948.
27. Prior to instituting the present action, the plaintiff exhausted all the administrative remedies available to him.
CONCLUSION op Law
Upon the foregoing findings of fact and opinion, which are adopted by the court and made a part of the judgment herein, the court concludes as a matter of law that the plaintiff is not entitled to recover, and the petition is dismissed.