GEORGE D. PREWITT, JR., AND BETTYE A. PREWITT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Prewitt v. Commissioner
Docket No. 21313-93
United States Tax Court
T.C. Memo 1995-24; 1995 Tax Ct. Memo LEXIS 21; 69 T.C.M. (CCH) 1693; January 18, 1995, Filed *21 Decision will be entered under Rule 155. George D. Prewitt, Jr., pro se. For respondent: Horace Crump. COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) [1] and Rules 180, 181, and 182. Respondent determined a deficiency of $ 5,470 in petitioners' Federal income tax for 1991. At trial, respondent conceded one adjustment in the notice of deficiency, unreported interest income of $ 2,396. The issues for decision are: (1) Whether, under section 451(a), back pay awards received by petitioners during 1991 are taxable in 1991 or 1990; (2) whether, under section 111(a), petitioners may exclude from income a State income tax refund received during 1991, as to which petitioners had claimed a Schedule A itemized deduction on their 1990 income tax return; and *22 (3) whether petitioners are entitled to exclude from income, under section 61(a), interest received by them from a commercial bank during 1991 because petitioners failed to carry over a net operating loss from 1990, which loss would have more than offset the interest income. Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. Petitioners, husband and wife, were legal residents of Greenville, Mississippi, at the time they filed their petition. With respect to all issues, the determinations of respondent in a notice of deficiency are presumed correct, and the burden of proof is on the taxpayer to prove that respondent's determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). [2]
*23 During 1991, petitioner George D. Prewitt, Jr., received a backpay award in the amount of $ 12,028 as a result of his improper termination or suspension as an employee of the U.S. Postal Service. The purported infractions that led to this award occurred several years prior to the year at issue. During 1991, petitioner Bettye A. Prewitt received a backpay award, in the amount of $ 4,185, also for improper or unlawful infractions by her employer, the Mississippi Department of Public Welfare, which likewise had occurred prior to the year at issue. Even though petitioners received their respective awards during 1991, the decisions entitling petitioners to their awards were made during 1990. On their Federal income tax return for 1991, petitioners did not include as income the $ 16,213 combined backpay awards they received that year. Instead, petitioners prepared and filed an amended income tax return for 1990 and reported the backpay awards as income for 1990. In the notice of deficiency, respondent determined that the $ 16,213 income is 1991 income and not 1990 income. Petitioners do not dispute the fact that backpay is taxable income. However, petitioners contend that, because *24 the awards were attributable to services they performed prior to 1991, and since, as to both awards, it was determined or decided during 1990 that they were entitled to these amounts, the appropriate year for inclusion of these awards into income should be 1990. Petitioners further argue that, during 1990, petitioners sustained a substantial casualty loss deduction that reduced their taxable income such that inclusion of the backpay as 1990 income would result in a lower tax than if this income were taxed as 1991 income. Section 451(a) provides generally that the amount of any item of gross income shall be included in gross income for the taxable year in which such income is received by the taxpayer unless, under the method of accounting used in computing taxable income, such income is to be accounted for as of a different period. Section 1.451-1(a), Income Tax Regs., provides generally that income is to be included in gross income in the year such income is actually or constructively received by the taxpayer, unless such income is includable in a different tax year in accordance with the taxpayer's method of accounting. Section 1.451-1(a), Income Tax Regs., further provides that, *25 under the cash receipts and disbursements method of accounting, income is reportable when actually or constructively received. Petitioners were on the cash receipts and disbursements method of accounting. They actually received their respective backpay awards during 1991. They have not shown that either of the awards was constructively received during a prior year. See sec. 1.451-2, Income Tax Regs. Such income, therefore, is reportable as 1991 income. In a case similar to this case, also involving a backpay award, this Court held that the backpay, from 1979 and 1980, was taxable in 1981, the year the award was received by the taxpayer. The Court rejected the taxpayer's argument that the backpay was taxable for the years 1979 and 1980. Price v. Commissioner, T.C. Memo. 1986-553. The Court, therefore, rejects petitioners' argument that their backpay awards did not constitute 1991 income. The Court further rejects petitioners' argument that they are entitled to report their backpay income as 1990 income solely for the reason that their tax bracket for 1990 is lower than their tax bracket for 1991. Section 441(a) provides that taxable income *26 shall be computed on the basis of the taxpayer's taxable year. Under section 441, petitioners' taxable year was the calendar year. There is no provision in section 441 or the regulations thereunder that would allow a deviation from the general rule of section 441(a) for the computation of taxable income. The fact that petitioners' backpay income will be subjected to a greater tax burden as 1991 income than if it is taxed as 1990 income is not a basis for allowing such income to be taxed as 1990 income. The Court, therefore, rejects petitioners' argument. Respondent is sustained in the determination that petitioners' backpay awards were includable in gross income for 1991. The second issue is whether petitioners are entitled to exclude from income a $ 906 State income tax refund they received from the State of Mississippi during 1991. On their 1990 Federal income tax return, petitioners claimed Schedule A, Itemized Deductions, which totaled $ 26,986.28. Of this amount, $ 1,322.28 represented State and local income and property taxes. Included in the $ 1,322.28 was $ 906.75 Mississippi State income taxes. Petitioners did not report the $ 906 State income tax refund as income *27 on their 1991 return. Petitioners contend the 1991 refund is excludable from income because they derived no tax benefit from the deduction of State income taxes on their 1990 return. Section 111(a) provides that gross income does not include income attributable to the recovery during the taxable year of any amount deducted in any prior taxable year to the extent such amount did not reduce the amount of the taxpayer's tax. The portion of an income item that is excludable under section 111(a) is referred to as the "recovery exclusion", which means "an amount equal to the portion of bad debts, prior taxes, and delinquency amounts * * *, and of all other items subject to the rule of exclusion, which, when deducted or credited for a prior taxable year, did not result in a reduction of any tax of the taxpayer under subtitle A". Sec. 1.111-1(a), Income Tax Regs. The word "recovery" is defined in section 1.111-1(a)(2), Income Tax Regs., as "the receipt of amounts in respect of the previously deducted or credited section 111 items, such as * * * the refund or credit of taxes paid". The term "section 111 items" is defined in section 1.111-1(a)(1), Income Tax Regs., as bad debts, prior *28 taxes, and all other items subject to the rule of exclusion. Under section 1.111-1(b)(1), Income Tax Regs., the section 111 items that were deducted or credited for one prior year are considered as a group, and the recovery thereon is considered separately from recoveries of any items that were deducted or credited for other years. Section 1.111-1(b)(2)(ii), Income Tax Regs., as applicable here, provides for determination of the recovery exclusion by taking the "aggregate amount of the section 111 items for the original year for which such items were deducted or credited reduced by * * * The difference between (1) the taxable income for such original year and (2) the taxable income computed without regard to the section 111 items for such original year." (Emphasis added.) However, section 1.111-1(b)(2)(ii), Income Tax Regs., provides further that neither the taxable income for the year in which the section 111 items were deducted, nor the income computed without regard to the section 111 items for such year, shall be less than zero. This regulation also states that "the aggregate of the section 111 items must be further decreased by the portion thereof which caused a reduction *29 in tax in preceding or succeeding taxable years through any net operating loss carryovers or carrybacks * * * affected by such items." Applying these provisions to the facts of this case, tracking the example set out in section 1.111-1(b)(3), Income Tax Regs., the "recovery exclusion" for petitioners for their 1991 tax year is as follows: Petitioners' 1990 Return With deduction of
Without deduction of
sec. 111 items sec. 111 items
Gross income
$ 31,279.58 $ 31,279.58 Less deductions:
Itemized deductions
other
than sec. 111 items
25,664.00 25,664.00 Taxes (sec. 111 items)
1,322.28 -- Personal exemptions
8,200.00 8,200.00 Taxable income or (loss)
($  3,906.70)
($  2,584.42)
As shown above, petitioners had negative income for 1990 with deduction of the section 111 items and without deduction of the section 111 items. Under section 1.111-1(b)(2)(ii), Income Tax Regs., neither amount of income shall be considered less than zero. [3] Therefore, petitioners are treated as having zero taxable income with or without deduction of the section 111 items. Consequently, the aggregate amount of the section 111 items is not reduced in any amount by *30 application of the formula prescribed by section 1.111-1(b)(2), Income Tax Regs. Therefore, the $ 906 petitioners received as a refund of State income taxes during 1991 qualifies under section 111(a) as a "recovery exclusion" and, therefore, is excludable from petitioners' 1991 income. The $ 906 petitioners recovered during 1991 was not attributable to any reduction of their taxes for 1990 as a result of their deduction of State income taxes that year. Petitioners, therefore, are sustained on this issue. *31 The final issue involves $ 30 interest income that was paid to petitioners during 1991 by a savings bank in Mississippi. Petitioners admit they received the $ 30 but did not include the interest as income on their 1991 income tax return. Respondent determined this item was taxable income. Petitioners contend that, for 1990, they realized a net operating loss. See supra note 3. That loss, if carried forward to 1991 as a net operating loss deduction, would have more than offset the $ 30 interest income they failed to report. Therefore, petitioners contend they should owe no tax attributable to this item of income. However, petitioners, in filing their 1990 return, or in filing their amended return for 1990, did not make a computation of their net operating loss for that year, nor did they carry back any portion of the loss to preceding years or elect to carry forward any portion of the loss to succeeding years, which would include 1991. Although a taxpayer may elect, under section 172(b)(3), to forgo the carryback of a net operating loss deduction, petitioners failed to make such an election, nor have they shown that the loss would not be fully absorbed if applied against *32 income of the carryback years. See Newton v. Commissioner, 57 T.C. 245, 247 (1971). Petitioners, therefore, are not entitled to a net operating loss deduction for 1991. Their failure to claim such a deduction does not mean that petitioners are entitled to exclude income up to the amount of what their net operating loss deduction would have been. To allow that, in effect, would mean allowance of the net operating loss deduction, which petitioners are not otherwise entitled to. The Court, therefore, rejects petitioners' contention and sustains respondent on this issue. The $ 30 interest income is includable in petitioners' 1991 income. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners contended that, because respondent conceded at trial an error in the notice of deficiency with respect to an interest income adjustment of $ 2,396, the burden of proof shifted to respondent. The Court rejects that argument. An error in a notice of deficiency, which otherwise fulfills its purpose, will be ignored where the taxpayer is not misled thereby and is provided by the notice with information sufficient for the preparation of his case for trial. Myers v. Commissioner, T.C. Memo. 1981-84↩.
3. Petitioners' 1990 itemized deductions included a $ 21,722 casualty loss. This casualty loss could have resulted in petitioners' realizing a net operating loss for 1990. See sec. 1.172-3(a)(3)(iii), Income Tax Regs. Petitioners did not make a computation of a net operating loss for 1990, nor did they elect to carry back or carry forward a net operating deduction to prior or succeeding tax years. Because petitioners' taxes in preceding or succeeding taxable years were not reduced by a net operating loss carryback or carryforward attributable to their 1990 casualty loss, the recovery exclusion for 1990 is not further reduced by the effects of a net operating loss. Sec. 1.111-1(b)(2)(ii), Income Tax Regs.↩