T.C. Summary Opinion 2012-79

UNITED STATES TAX COURT

KENNETH MICHAEL FRANCIS AND SEDEF TARLAN FRANCIS, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19986-10S.                    Filed August 8, 2012.

Kenneth Michael Francis, pro se.

<u>Mistala G. Merchant</u> and Maggie Stehn (student), for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' 2008 joint Federal income tax of $6,491 and an accuracy-related penalty under section 6662(a) of $1,287.[2] After a concession by petitioners,[3] the issues for decision are:  (1) Whether petitioners must include an award of backpay in their gross income for 2008; and (2) whether they are liable for the accuracy-related penalty under section 6662(a).

#### Background

Some of the facts have been stipulated, and they are so found.  We incorporate by reference the parties' stipulation of facts and accompanying exhibits. Petitioners resided in the State of California when the petition was filed.

---

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  All dollar amounts are rounded to the nearest dollar.

[3]  Petitioners concede that they received but failed to report a taxable retirement distribution of $290 on their 2008 joint Federal income tax return.

In 2005 Kenneth Michael Francis (petitioner) was granted an award of backpay by the U.S. Air Force Board for the Correction of Military Records (BCMR). The BCMR held, inter alia, that petitioner was wrongfully denied a promotion to the rank of lieutenant colonel in the U.S. Air Force (promotion denial).

In December 2008 petitioners received a payment of $24,566 (promotion backpay) from the Defense Finance and Accounting Service (DFAS).[4] The promotion backpay represented the difference between the military pay and allowances petitioner received as an Air Force major and the military pay and allowances he would have received as an Air Force lieutenant colonel while he served on active duty from October 1998 to April 2002.

In February 2009 petitioner self-prepared and filed petitioners' 2008 joint Federal income tax return (joint return). Petitioners, however, did not report the promotion backpay on their joint return.

DFAS mailed petitioner a letter dated September 6, 2008 (DFAS letter), that states: "The following are enclosed for your use and information * * * Treasury Department Form W-2, Wage and Tax Statement, indicating taxable income that

---

[4] The record is not clear as to why the payment was not made until December 2008.

must be reported on your next tax return". Attached to the DFAS letter was a Form W-2, Wage and Tax Statement, for 2008 reporting the promotion backpay as wages. At trial petitioner testified that petitioners did not receive the DFAS letter and Form W-2 until approximately April 2009 because DFAS had mailed the letter to his mother's address in Illinois (Illinois address). Petitioners were aware, however, that DFAS typically sent tax correspondence to the Illinois address and that the Illinois address was petitioner's "permanent home of record" on file with DFAS.

In or around April 2009 petitioner began treatment for melanoma and remained in treatment for approximately a year thereafter. Petitioners never filed an amended joint return for 2008 including the promotion backpay in their gross income or otherwise reported the promotion backpay on any other tax return.

Discussion

I.      Burden of Proof

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances.

Petitioners have neither alleged that section 7491(a) applies, nor have they established their compliance with its requirements. Accordingly, petitioners bear the burden of proof. See Rule 142(a); Welch v. Helvering, 290 U.S. at 115; cf. sec. 6201(d).[5]

II.     Unreported Income

Section 61(a)(1) provides the general rule that gross income includes income from whatever source derived, including compensation for services. Section 451(a) generally provides that taxpayers, such as petitioners, who use the cash receipts and disbursements method of accounting, must include any item of gross income in their gross income for the taxable year in which the item is actually or constructively received. See sec. 1.451-1(a), Income Tax Regs.

Petitioners generally argue that the promotion backpay received in 2008 should be included in their gross income for the years 1998 through 2002 because the promotion backpay is attributable to the services petitioner provided in those years. Petitioners further contend that the promotion backpay should have been allocated to the years 1998 through 2002 because their taxable income was subject to a lower tax bracket during those years when compared to 2008. In this regard,

---

[5] We note that petitioners do not allege that sec. 6201(d) applies and do not dispute that they received all $24,566 of the promotion backpay in December 2008 reported on the 2008 Form W-2, Wage and Tax Statement, issued by DFAS.

petitioners believe that by reporting the promotion backpay as taxable wages for 2008 on Form W-2, DFAS has placed an artificial tax burden on them that is contrary to the purpose of the BCMR decision, i.e., to place petitioner in the same position that he would be in if the promotion denial had never occurred.[6]

The parties do not dispute that DFAS paid, and petitioners actually received, the promotion backpay in 2008. Petitioners have failed to show, and the record does not suggest, that the promotion backpay was constructively received by petitioners in any prior year. Therefore, the promotion backpay is properly includible in petitioners' gross income for 2008. See sec. 451(a); Prewitt v. Commissioner, T.C. Memo. 1995-24; sec. 1.451-1(a), Income Tax Regs.

Petitioners' argument that they should be entitled to retroactively allocate the promotion backpay to their gross income for the years 1998 through 2002 because their tax bracket for that period was lower than their tax bracket for 2008 has been rejected by this Court in the past. See Prewitt v. Commissioner, T.C. Memo. 1995-24. We acknowledge that the purpose of the BCMR decision was to place

_____

[6] Petitioners also argue that DFAS should have reduced the promotion backpay by the amount of civilian pay petitioner earned during the period from April 1, 2002, through April 5, 2005 (civilian pay offset). The civilian pay offset does not apply to petitioner's promotion backpay, however, because the promotion backpay relates to a period when petitioner was not engaged in civilian employment. See Groves v. United States, 47 F.3d 1140, 1147-1148 (Fed. Cir. 1995); see also Montiel v. United States, 40 Fed. Cl. 67, 69-74 (1998).

petitioner in the same situation he would have been in if the promotion denial had never occurred. Although not clear from the record, it may very well be that petitioners would have paid less tax with respect to the promotion backpay if the promotion denial had never occurred. Under the circumstances we can appreciate petitioners' dismay. Nevertheless, we are constrained to apply the law as written by Congress to the facts as they occurred and not as they might have occurred. See Commissioner v. Nat'l Alfalfa Dehydrating & Milling Co., 417 U.S. 134, 148-149 (1974). We cannot reallocate the promotion backpay petitioner received in 2008 to prior years simply because doing so might provide favorable tax treatment for petitioners. Therefore, we sustain respondent's deficiency determination.

III.    Accuracy-Related Penalty

Respondent determined that petitioners are liable for the accuracy-related penalty under section 6662(a) for a substantial understatement of income tax for the taxable year 2008.

Section 6662(a) and (b)(2) imposes a penalty equal to 20% of the amount of any underpayment that is due to a substantial understatement of income tax. An individual substantially understates his or her income tax when the reported tax is

understated by the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Respondent has satisfied his burden of production because the record shows that petitioners understated their income tax for 2008 by $6,491, which constitutes a substantial understatement within the meaning of section 6662(d)(1)(A). See Higbee v. Commissioner, 116 T.C. at 446.

The accuracy-related penalty does not apply to any portion of an underpayment, however, if the taxpayer proves that the taxpayer had reasonable cause for that portion of the underpayment and that the taxpayer acted in good faith with respect to such portion. Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. Petitioners bear the burden of proving that the accuracy-related penalty

should not be imposed. <u>See</u> sec. 6664(c)(1); <u>Higbee v. Commissioner</u>, 116 T.C. at 446.

The decision as to whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. <u>See</u> <u>Neely v. Commissioner</u>, 85 T.C. 934, 947-950 (1985). Most important in this decision "is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability." Sec. 1.6664-4(b)(1), Income Tax Regs. A taxpayer must take reasonable steps to determine and apply the law. <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 222 (1992); <u>Campbell v. Commissioner</u>, T.C. Memo. 2001-118.

Petitioners contend that they should not be liable for the accuracy-related penalty with respect to the portion of the underpayment attributable to the promotion backpay.[7] Although petitioners admit that they received the promotion backpay in December 2008, they did not report the promotion backpay on their joint return because they believed that the payment was nontaxable. Petitioners, however, presented no evidence that they consulted a tax professional or took any other

---

[7] As for the portion of the underpayment attributable to the unreported retirement distribution, petitioners make no argument regarding the penalty and are therefore deemed to have conceded that matter.

reasonable steps to ascertain the proper tax treatment of the promotion backpay they received.

Moreover, although petitioners allege that they did not receive the DFAS letter or the Form W-2 until April 2009, they still did not file an amended joint return or contact a tax professional thereafter.[8] Petitioners admitted at trial that they should have filed an amended return once they received the DFAS letter and Form W-2. Petitioners, however, point to petitioner's yearlong treatment for melanoma beginning in April 2009 as reasonable cause for not filing an amended joint return. Petitioners provided no explanation as to why they did not file an amended joint return once petitioner's treatment for melanoma ended or why petitioner Sedef Tarlan Francis could not have prepared an amended return for petitioner to sign.

Although the record might support a finding of good faith on petitioners' part, the standard we are obliged to apply also requires the existence of reasonable cause. See sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. Thus, petitioners might have had a good faith belief that the promotion backpay was nontaxable.

---

[8] Petitioner was aware that DFAS frequently sent tax correspondence to his mother's address in Illinois. Petitioner, however, presented no evidence that he inquired whether his mother received the DFAS letter or Form W-2 before he filed petitioners' joint return in February 2009.

However, they have failed to prove that they acted with reasonable cause under the relevant facts and circumstances. Therefore, we sustain respondent's determination with respect to the accuracy-related penalty.

## Conclusion

We have considered all of the arguments advanced by petitioners, and, to the extent not expressly addressed, we conclude that those arguments do not support a result contrary to our decision herein.

To give effect to our disposition of the disputed issues as well as petitioners' concession,

<u>Decision will be entered</u>

<u>for respondent</u>.