T.C. Memo. 2014-90

UNITED STATES TAX COURT

JOANNA J. MOHLER AND MACK W. MOHLER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1862-13.                    Filed May 19, 2014.

<u>Mark Richard Widell</u>, for petitioners.

<u>William Franklin Castor</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  Respondent determined a deficiency of $7,108 with

respect to petitioners' Federal income tax for tax year 2009.

Unless otherwise indicated, all section references are to the Internal

Revenue Code in effect for the year in issue, and all Rule references are to the Tax

**[*2]** Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

After a concession by petitioners the sole issue for our consideration is whether petitioners failed to report $14,472 of gross income that petitioner wife's sole proprietorship paid to petitioner husband in 2009.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioners resided in Oklahoma when they filed the petition.

Petitioner husband has an accounting degree, but he is not a certified public accountant. He has prepared individual and corporate tax returns and served as a bookkeeper for over 45 years. During 2008 and 2009 petitioner wife operated a sole proprietorship, C-N of Oklahoma (C-N), which provided diabetes counseling and educational services.

C-N billed directly insurance companies for the services it provided to their insured patients. For tax year 2008 insurance companies issued Forms 1099-MISC, Miscellaneous Income, to C-N or to petitioner wife, reporting total payments of $77,550. C-N also received a Form 1099-MISC that Aetna Life Insurance Co. (Aetna) issued to petitioner husband, reporting a payment of $11,294.

[*3] On their joint 2008 tax return petitioners reported $77,556 of gross receipts on a Schedule C, Profit or Loss From Business, for C-N. On their 2008 Schedule C petitioners marked "cash" as the method of accounting that C-N used. Nonetheless, the parties stipulated that in early 2009 petitioners changed the method of accounting for C-N from the accrual basis method to the cash basis method of accounting.

For tax year 2009 the insurance companies issued Forms 1099-MISC to C-N or to petitioner wife, reporting total payments of $91,609. C-N also received a Form 1099-MISC that Aetna issued to petitioner husband, reporting a payment of $27,673. C-N issued a Form 1099-MISC to petitioner husband, reporting $14,476[1] of nonemployee compensation.

Petitioners filed timely their 2009 joint tax return. On their 2009 tax return petitioners reported gross receipts of $91,613 on a Schedule C for C-N. This amount differs slightly from the $91,609 reported on the Forms 1099-MISC that C-N received for tax year 2009. Petitioners reported $14,476 of legal and professional fees on their Schedule C; however, petitioners did not create a second

---

[1]The parties did not explain the $4 discrepancy between this amount and the amount determined as unreported income on the notice of deficiency. It is possible that the discrepancy occurred because the amount on the notice of deficiency was taken from the Forms 1099-MISC, which show gross receipts $4 less than the amount petitioners reported on their Schedule C.

**[*4]** Schedule C for petitioner husband.  Petitioners did not state on their 2009

Schedule C which accounting method C-N used.

On October 23, 2012, respondent issued the notice of deficiency for tax year

2009, which determined that petitioners had unreported income of $14,472.

OPINION

Petitioners have the burden of proving that respondent's determinations are

in error, including the determination of unreported income.  See Rule 142(a);

Welch v. Helvering, 290 U.S. 111, 115 (1933); Jones v. Commissioner, T.C.

Memo. 1994-230, aff'd without published opinion, 69 F.3d 460 (4th Cir. 1995).

In unreported income cases, however, the Commissioner must establish "some

reasonable foundation for the assessment" to preserve the presumption of

correctness.  See Erickson v. Commissioner, 937 F.2d 1548, 1551 (10th Cir.

1991), aff'g T.C. Memo. 1989-552.  Respondent has established that reasonable

foundation.  Moreover, petitioners have not claimed or shown that they meet the

requirements of section 7491(a) to shift the burden of proof to respondent as to

any relevant factual issue.

Gross income, for purposes of calculating taxable income, includes all

income from whatever source derived.  Sec. 61(a).  Generally, cash basis taxpayers

report income in the year of receipt.  Sec. 451(a).  Accrual method taxpayers

[*5] normally recognize income when "all the events have occurred which fix the right to receive" income and the amount of income "can be determined with reasonable accuracy." Sec. 1.451-1(a), Income Tax Regs.

Petitioners do not dispute that petitioner husband received compensation of $14,472 from C-N, but they assert that the $14,472 was reported on their 2009 tax return as part of C-N's gross receipts, which totaled $91,613. They contend that only $77,137 of the gross receipts related to the amounts insurance companies paid to C-N or petitioner wife in 2009. Petitioners contend that the remaining $14,476[2] paid in 2009 actually accrued in 2008 and that they reported it on their 2008 tax return.

Petitioners have not shown that they reported the $14,472 C-N paid to petitioner husband on their 2009 Schedule C. Petitioners reported $91,613 of gross receipts for C-N for 2009, which is $4 more than the $91,609 that the insurance companies paid to C-N. On the 2009 Schedule C petitioners also deducted the $14,476 paid to petitioner husband. We note that petitioners' explanation would result in their deducting the $14,476 payment from gross receipts and then adding it back into gross receipts.

---

[2]The parties stipulated erroneously that the remaining amount was $14,394.

**[\*6]** Likewise, petitioners have not shown that $14,476 of the payments from the insurance companies accrued in 2008. Petitioner husband testified that he set up the books for C-N on an accrual basis in summer 2008, but he switched them to the cash basis method in early 2009. Petitioner husband testified about the difficulties he encountered while using the accrual basis method. He treated fees for nutritional services as earned the day that the work was done, but insurance companies would often pay months later, and they sometimes paid a smaller amount.

Even though the parties stipulated that C-N used the accrual basis method in 2008 and until early 2009, the stipulation is clearly contrary to the facts disclosed by the record. Cal-Maine Foods, Inc. v. Commissioner, 93 T.C. 181, 195 (1989); Jasionowski v. Commissioner, 66 T.C. 312, 318 (1976). Despite petitioner husband's testimony, on their 2008 Schedule C petitioners marked "cash" as the method of accounting C-N used. Petitioner husband provided his handwritten records for C-N; however, these records do not clarify that C-N's gross receipts for 2009 included $14,934 accrued in 2008 and reported on their 2008 tax return. Moreover, C-N's $77,556 of gross receipts as reported on petitioners' 2008 Schedule C for C-N is almost equal to the $77,550 reported on the Forms 1099-

**[\*7]** MISC issued to C-N or petitioner wife for 2008.[3]  These facts indicate that petitioners used the cash basis method for 2008.  Therefore, we are not convinced that petitioners reported $14,476 for 2008.

In sum, for both tax years 2008 and 2009 petitioners reported C-N's gross receipts using the cash basis method of accounting.  The gross receipts reported are almost the same amount as those reported on the Forms 1099-MISC issued to C-N or to petitioner wife.  Petitioners did not meet their burden of showing that the $14,472 in compensation that C-N paid petitioner husband was reported on either of their filed tax returns.  Furthermore, petitioners did not show that C-N's 2009 gross receipts included accounts receivable that accrued in 2008 and were

---

[3]Petitioners contend that they should have reported $80,664 of gross receipts on the 2008 Schedule C.  They contend that they should not have included the $11,294 that petitioner husband received from Aetna in 2008, but that they should have included $14,402 from accounts receivable at the end of 2008.

Petitioner husband testified about an amended 2008 tax return, in which petitioners included some Forms 1099-MISC that were not included in the original 2008 tax return.  Petitioners did not offer evidence of a filed amended 2008 tax return that reported $14,402 of accounts receivable that accrued in 2008 but were not received until 2009.  The Commissioner is not statutorily required to accept amended returns or to treat them as superseding original returns.  Fayeghi v. Commissioner, 211 F.3d 504, 507 (9th Cir. 2000), aff'g T.C. Memo. 1998-297.

Petitioners also failed to show that the $11,294 payment petitioner husband received from Aetna in 2008 was not taxable.  Petitioners did not provide evidence regarding this $11,294 payment.  Petitioner husband testified that he contacted Aetna regarding the $11,294 payment but that the documentation would not be ready by the date of trial.

**[*8]** reported on their 2008 tax return. Therefore, the $14,472 in compensation is includible in income for 2009. <u>See</u> sec. 451(a); <u>Prewitt v. Commissioner</u>, T.C. Memo. 1995-24; sec. 1.451-1(a), Income Tax Regs.

We have considered all of the arguments advanced by petitioners, and, to the extent not expressly addressed, we conclude that those arguments do not support a result contrary to our decision.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.